**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3121-21

ZOE HARRIS-HOHNE,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
AND WORKFORCE
DEVELOPMENT, and
INSIGHT GLOBAL, LLC,

    Respondents.

_____

Submitted September 28, 2023 – Decided January 23, 2024

Before Judges Vernoia and Gummer.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 253317.

Zoe Harris-Hohne, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Gina Marie Labrecque, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Zoe Harris-Hohne appeals from a May 5, 2022 final decision of the Board of Review. In that decision, the Board affirmed the Appeal Tribunal's dismissal of petitioner's appeal from a determination that she was not eligible for unemployment benefits and a request that she refund benefits already paid to her. The Appeal Tribunal dismissed her appeal, finding petitioner had not timely filed it pursuant to N.J.S.A. 43:21-6(b)(1) and had not established good cause for its untimeliness pursuant to N.J.A.C. 12:20-3.1(i). Having considered the evidence in the record, the parties' arguments, and the applicable legal principles, we affirm in part and remand in part for further proceedings consistent with this decision.

I.

Petitioner was employed as a recruiter with Insight Global, LLC from July 13, 2019, through February 14, 2020. According to petitioner, she terminated her employment with Insight Global due to "[t]he pressure and stress of being pushed to get [her] promoted to a position that [she] was not prepared for . . . for the sole purpose of [her] management team being awarded additional compensation for [her] promotion." On April 5, 2020, petitioner submitted a claim for unemployment benefits, with a weekly benefit rate of $521. She

received a total of $9,899 in unemployment benefits for the weeks ending April 11, 2020, through August 15, 2020.

In a notice mailed on December 23, 2020, a deputy of the Director of the New Jersey Division of Unemployment Insurance advised petitioner she was not eligible for unemployment benefits as of February 16, 2020, because she had "left work voluntarily without good cause attributable to [that] work." In a separate notice also mailed on December 23, 2020, the Director of Unemployment Insurance requested petitioner return the $9,899 in benefits she had received. The Director advised petitioner she was not eligible for those funds because she had "quit [her] job without good cause" and that "[a]ny money collected improperly must be returned regardless of the reason for the overpayment in accordance with N.J.S.A. 43:21-16(d)." The Director informed petitioner that if she disagreed with the determination she had an obligation to refund and repay those benefits, she had to file a written appeal within seven calendar days after delivery of the notice or ten calendar days after the mailing of the notice. The Director also informed petitioner about her right pursuant to N.J.A.C. 12:17-14.2 to request a waiver of her obligation to repay the benefits. Petitioner received both notices on December 26, 2020.

According to petitioner, she mailed an appeal to the Appeal Tribunal on January 14, 2021. That appeal subsequently could not be located. In April of 2021, petitioner spoke with a Department representative who recommended she file an appeal by mail and on the appropriate website. On May 11, 2021, petitioner filed a second appeal online and by mail. In that appeal, petitioner disputed the finding she had quit her job without good cause, contending she had "resigned from that job because of specific reasons, all of which created an untenable environment." Petitioner also requested the Appeal Tribunal "kindly waive the requirement for [her] to reimburse benefits paid."

An Appeal Tribunal appeals examiner conducted a telephonic hearing on December 8, 2021, during which petitioner and her father testified. At the beginning of the hearing, the appeal examiner stated: "The issues involved in this case [are] timeliness of filing the appeal, . . . voluntarily leaving, Pandemic Unemployment Assistance, and non-fraud refund." Petitioner answered, "Yes," when the examiner asked her if she "underst[oo]d the issues that [would] be discussed." When asked why she had not filed the appeal timely, petitioner responded:

> Given the period . . . it was the holiday season we were with family. I then mailed my first appeal on January 14 which [was] just a couple of weeks later after receiving [the notice]. So, we did do it really as soon

4

as possible. It was extremely important specifically. So for me during the holiday time and . . . all the craziness going [on] that was as soon as I was able to . . . draft the appeal and get it sent . . . .

Petitioner's father testified that from their perspective they had done "everything [they] could to be timely and to continue following [up] with the State for a response to [the] appeal." Petitioner's father gave no specific reason for the untimeliness of the appeal. At the end of the hearing, the appeals examiner asked petitioner if she would "like to give a closing remark before [she] close[d] out the hearing." Petitioner responded that she had nothing else to say and that everything she had wanted to cover during the hearing had been covered.

In its December 8, 2021 decision, the Appeal Tribunal accepted petitioner's representations that she had received the notices on December 26, 2020, and had filed an appeal on January 14, 2021, but found that appeal was not timely under N.J.S.A. 43:21-6(b)(1). It also found petitioner had not demonstrated good cause for the untimeliness of the appeal because the delay "was not for a circumstance beyond the control of [petitioner], nor for a circumstance which could [not] have been reasonably foreseen or prevented," citing N.J.A.C. 12:20-3.1(i). Concluding it had no jurisdiction to rule on the

5

merits of the appeal given its untimeliness, the Appeal Tribunal dismissed the appeal.

On December 15, 2021, petitioner appealed from the decision of the Appeal Tribunal. In that appeal, she asserted for the first time that her father had been "in a severe car accident on December 19, 2020 . . . . and he [had been] badly injured." According to petitioner, she "began staying near [her] father and taking care of him" after the accident and when he collapsed on December 23, 2020, she brought him to a hospital "where he underwent several medical tests and procedures." Petitioner submitted with her appeal medical records that reflect petitioner's father received treatment in the hospital emergency room on December 23, 2020, but do not reflect treatments on any other day. Petitioner represented that from December 19, 2020, and "through most of the month of January, 2021, [her] focus was on taking care of [her] father and supporting his recovery." Petitioner contended that based on those circumstances, she had demonstrated good cause for the delay in the filing of her appeal.

Petitioner claimed she had not "anticipate[d] the Appeal Tribunal would evaluate [her] appeal based on 'timeliness of appeal filing'" but "anticipated rather that the Appeal Tribunal would evaluate [her] appeal based on the more substantive fact of, 'I did not voluntarily leave my previous employment.'"

6

Consequently, she "did not feel that, during the telephone hearing, there was any need for [her] to go deeper into [her] explanation as to why [her] appeal was not filed in a timely manner."

On May 5, 2022, the Board affirmed the decision of the Appeal Tribunal dismissing petitioner's appeal. The Board found petitioner had not established good cause under N.J.A.C. 12:20-3.1(i) for her delay in filing the appeal because "the delay was caused by the holiday season according to [her] testimony taken under oath." The Board held that because petitioner had not established good cause for the delay in filing her appeal, the Appeal Tribunal "properly dismissed" her appeal as untimely pursuant to N.J.S.A. 43:21-6(b)(1).

Petitioner appeals from the Board's decision, arguing it erred in finding she had not provided good cause for the late filing of her initial appeal and in not considering the substantive merits of that appeal.

II.

"We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is

unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). In making that determination, we "must examine: '(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion.'" In re Y.L., 437 N.J. Super 409, 412 (App. Div. 2014) (quoting Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J. Super. 273, 283-84 (App. Div. 2013)). "The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger." Parsells v. Bd. of Educ., 472 N.J. Super. 369, 376 (App. Div. 2022). Petitioner has not met that burden.

The Board did not err in finding untimely petitioner's initial appeal. The version of N.J.S.A. 43:21-6(b)(1) in effect when petitioner submitted her appeal provided that a decision "shall be final" unless the claimant files an appeal "within seven calendar days after delivery of notification of an initial determination or within [ten] calendar days after such notification was mailed."

<u>See</u> N.J.S.A. 43:21-6(b)(1) (2017) (amended July 2023).[1] The notices were mailed on December 23, 2020, and petitioner admittedly received them on December 26, 2020. The Appeals Tribunal and the Board accepted petitioner's representation that she had filed an appeal on January 14, 2021. But that purported submission was more than seven days after petitioner had received the notices and more than ten days after they were mailed. Thus, petitioner's appeal was untimely.

Pursuant to N.J.A.C. 12:20-3.1(i), a late appeal may be considered on its merits if "the appeal was delayed for good cause," with good cause existing when "[t]he delay in filing the appeal was due to circumstances beyond the control of the appellant" or "[t]he appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented."

---

[1] N.J.S.A. 43:21-6 and -16 were amended after the Board issued its decision. <u>See</u> <u>L.</u> 2022, <u>c.</u> 120. Among other things, N.J.S.A. 43:21-6 was amended to increase the time for filing an appeal. However, nothing in the amendment indicates the Legislature intended retroactive application of the amendment. <u>See</u> <u>In re J.D-F.</u>, 248 N.J. 11, 22 (2021) ("[C]ourts generally will enforce newly enacted substantive statutes prospectively, unless [the Legislature] clearly expresses a contrary intent." (quoting <u>Maeker v. Ross</u>, 219 N.J. 565, 578 (2014))). In fact, the Legislature expressly provided the act amending the statute would "take effect on the 270th day following enactment, . . . [,]" which was July 31, 2023. <u>See</u> <u>State v. Lane</u>, 251 N.J. 84, 96 (2022) (recognizing the Court has "repeatedly construed language stating that a provision is to be effective immediately, or effective immediately on a given date, to signal prospective application").

We agree with the Appeal Tribunal and the Board that petitioner's testimony that the appeal was delayed because "it was the holiday season" does not demonstrate good cause under N.J.A.C. 12:20-3.1(i).

In relying on petitioner's sworn testimony to determine the cause of the delay and not her belated, unsworn submissions attributing the delay to her father's accident, the Board did not act arbitrarily, capriciously, or unreasonably. The Board's finding that the delay was caused by "the holiday season" was supported by evidence in the record, specifically petitioner's testimony. Petitioner's subsequent assertion that her failure to file the appeal timely was caused by her father's accident was not supported by any affidavit or certification. Her contention that she believed she did not need to testify about her father's accident during the telephonic hearing because she did not know the Appeal Tribunal would evaluate her appeal based on its timeliness is belied by the record. At the beginning of the hearing, the appeal examiner expressly stated the "issues involved in this case," including the "timeliness of filing the appeal." When asked if she understood the issues that would be discussed, petitioner answered, "Yes." When the examiner asked petitioner directly why she had not filed the appeal timely, petitioner testified about only the holiday period; she said nothing about her father's accident. When her father testified, he asserted

they had done "everything" they could to be timely; he said nothing about his accident.

Because the Appellate Tribunal and the Board correctly applied the law in place when they rendered their decisions and because substantial credible evidence in the record supports their conclusion that petitioner did not file the appeal timely and did not establish good cause for the delay in filing her appeal, we see no basis to disturb the Board's decision and, accordingly, affirm it.

The Board in its decision, however, did not address petitioner's request for a waiver pursuant to N.J.A.C. 12:17-14.2 of the obligation to repay the unemployment benefits she had received. Petitioner made the request for a waiver in her May 11, 2021 letter to the Appeal Tribunal. Neither the Appeal Tribunal nor the Board addressed that request in their decisions. The question of a refund waiver "should be decided in the first instance, by the Division, applying its expertise." Mullarney v. Bd. of Rev., 343 N.J. Super. 401, 410 (App. Div. 2001). We, therefore, remand this matter to the Director of the Division for consideration of petitioner's waiver request, with an enhanced record, if necessary.

Affirmed in part and remanded in part to the Division for consideration of petitioner's request that the demand for reimbursement of benefits be waived. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3121-21